IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BRENT LEWIS, #10577-035                                                          PETITIONER

VERSUS                                                  CIVIL ACTION NO. 5:10-cv-179-DCB-RHW

BRUCE PEARSON, et al.                                                           RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for dismissal. The petitioner is presently incarcerated at the FCC Yazoo City Medium, Yazoo City, Mississippi. He is requesting that his federal sentence be credited with the time he spent in service of his state sentence and that his federal sentence be amended to run concurrent with his state sentence.

I. Background

Upon review of his petition [1] and as well as the memorandum of law [2], the petitioner provides the following information concerning the bases of the instant petition for habeas relief. While serving a state sentence in Louisiana, he was indicted on or about March 2000, by the United States District Court for the Western District of Louisiana for violating 21 U.S.C. §§ 842(a)(1) and 846, conspiracy to possess with intent to distribute over 50 grams of cocaine base. Mem. [2] p. 2. Petitioner states in his petition [1] that he subsequently was convicted on February 14, 2001, in the United States District Court for the Western District of Louisiana for the criminal offense of distribution of cocaine base resulting in him being sentenced to 188 months. The petitioner states that after being sentenced by the federal district court he was returned to state custody to serve the remainder of his state sentence. Memo. [2] p. 3. The petitioner remained in state custody until his release to the United States Marshals Service on July 27, 2004, to begin serving his federal sentence. Id. Petitioner argues that his federal

sentence should be credited with the 15-month period of time from November 15, 1999, until February 13, 2001, when he was in state custody.  Resp. [6].

In his petition [1], petitioner is seeking habeas relief based on the following:

Whether petitioner is due jail credit as a result of his state sentence that was a part of the instant offense and used to determine his sentence in his federal case.

The petitioner asserts that the Bureau of Prisons should credit his federal sentence with the 15-month period of time he spent serving his state sentence, nunc pro tunc.  Additionally, the petitioner argues that his federal sentence should have been ordered to run concurrent, not consecutive, to his state sentence.

Because the petition [1] and memorandum [2] were unclear whether the petitioner received credit on his state sentence for the time in question, an order [5] was entered on December 10, 2010, directing the petitioner to provide the needed information.  The petitioner complied by filing his response [6] on December 22, 2010.  In his response [6], "[p]etitioner states that the 15-month time period from November 15, 1999, until February 13, 2001, was credited to his state court conviction."

## II.  Analysis

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  One of the issues presented by the petitioner, that his federal sentence should be credited with 15-month period of time he was in state custody after receiving his federal sentence, is challenging the manner in which his sentence is being executed.  The petitioner also demonstrates that he has exhausted his administrative remedies.  Pet. [1] p. 8.  However, the

petitioner's second ground for habeas relief, that the petitioner's federal sentence should be modified to run concurrent with his state sentence, goes to his sentence and not the execution of the sentence.

<u>Ground 1.  Credit of 15 months to federal sentence for time spent in state custody</u>

In order to receive credit for federal detention on a federal sentence, the petitioner must be received at the facility designated for service of his federal sentence.  <u>Blackshear v. U.S.</u>, 434 F.2d 58, 59 (5th Cir. 1970).  The petitioner argues that the BOP made a mistake when it failed to grant his request for a <u>nunc pro tunc</u> designation of the Louisiana state prison where he served his state sentence as also the place for service of his federal sentence. Pet [1] and Mem. [2]. According to the response of the BOP to petitioner's administrative remedies request which is attached to his petition [1], the BOP considered his request for a <u>nunc pro tunc</u> designation in accordance with <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990).  Having reviewed the BOP's response to the petitioner's <u>nunc pro tunc</u> designation which is attached to the petitioner's petition [1], this court finds that the BOP did not "abuse[] its wide discretion in declining to grant" the petitioner's request.  See  <u>Brown v. Morris</u>, 231 Fed.Appx.312, *313, 2007 WL 1229011 (5th Cir. 2007)(citing <u>Barden v. Keohane</u>, 921 F.2d 476, 478 (3d Cir. 1990).

Moreover, the petitioner states in his response [6] that he received credit for the time in question toward his state conviction.  Clearly, 18 U.S.C. § 3585(b) allows for an inmate to receive credit "toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence."  In <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992), the United States Supreme Court stated that 18 U.S.C. § 3585(b) "made clear that a defendant could not receive a double

3

credit for his detention time." Therefore, since petitioner received credit toward his state sentence for the time in question, he is precluded by 18 U.S.C. § 3585(b) to receive credit toward his federal sentence.

Ground 2: Federal sentence to be modified to run concurrent with his state court conviction

This court further finds that the petitioner's argument that his federal sentence should be modified to run concurrent with his state court conviction in Louisiana because the sentencing court failed to comply with the Sentencing Guidelines challenges his sentence rendered by the District Court, not the execution of the sentence by the Bureau of Prisons. Therefore, the petitioner cannot maintain a § 2241 petition based on this ground. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000)(holding that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The United States Court of Appeals for the Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent

---

[1] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

"inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Fifth Circuit held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

To meet the first prong of the Reyes-Requena test, the petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test. Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

### III. Conclusion

Therefore, based on the foregoing, this court has determined that petitioner has failed to present claims upon which his requested habeas relief can be granted. Consequently, this cause filed pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice as frivolous and to the extent

that the petition can be construed as a § 2255 motion it will be dismissed with prejudice for this court's lack of jurisdiction.

A final judgment in accordance with this memorandum opinion and order will be entered.

This the   16th   day of February, 2011.

                                          s/ David Bramlette  
                                        UNITED STATES DISTRICT JUDGE